UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL A. HOSTON, | ) | 1:16CV1872 |
| | ) | |
| Petitioner | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | (Mag. Judge David A. Ruiz) |
| | ) | |
| CHARMAINE BRACY, | ) | |
| Warden, | ) | |
| | ) | |
| Respondent | ) | MEMORANDUM |
| | ) | AND ORDER |

RUIZ, MAG. JUDGE

The petitioner Michael A. Hoston ("Hoston") has filed a petition pro se for a writ of habeas corpus, arising out of his 2015 conviction for felonious assault in the Cuyahoga County (Ohio) Court of Common Pleas. In his petition, Hoston raises four grounds for relief:

> 1. Petitioner was denied his rights to Due Process under the Sixth and Fourteenth Amendments to the U.S. Constitution where there was insufficient evidence to prove the elements of the offense in his conviction.
>
> 2. Petitioner was denied his rights to Due Process under the Sixth and Fourteenth Amendments to the U.S. Constitution and his right to a fair trial when the trial court improperly provided the jury with instruction on aiding and abetting.
>
> 3. Petitioner was denied his rights to Due Process under the Sixth and Fourteenth Amendments to the U.S. Constitution and his right to a fair trial when the trial court improperly provided the jury with instruction on flight.

>4. Petitioner was denied his rights to Due Process under the Sixth and Fourteenth Amendments to the U.S. Constitution when he received ineffective assistance of trial counsel.

(R. 1, § 12.)  Currently before the court is Hoston's motion for appointment of counsel.  (R. 13.)

There is no constitutional or statutory right to counsel in habeas proceedings, except for those prisoners under a capital sentence.  Morris v. Dormire, 217 F.3d 556, 558 (8th Cir.), cert. denied, 531 U.S. 984 (2000) (citing 28 U.S.C. § 2261).  See also Cobas v. Burgess, 306 F.3d 441, 444 (6th Cir. 2002), cert. denied, 538 U.S. 984 (2003) (citing McCleskey v. Zant, 499 U.S. 467, 495 (1987)); McKethan v. Mantello, 292 F.3d 119, 123 (2d Cir. 2002); Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994).  Rather, "the right to appointment of counsel extends to the first appeal of right, and no further."  McCleskey, 499 U.S. at 495 (quoting Pennsylvania v. Finley, 481 U.S. 551, 555 (1987).)

A district court may appoint counsel for a habeas petitioner when "the interests of justice so require."  Hoggard, 29 F.3d at 471 (citing 18 U.S.C.A. § 3006A(a)(2)).  The decision whether to appoint counsel is left to the sound discretion of the district court.  Morris, 217 F.3d at 558-559.  The appointment of counsel is discretionary when it has been determined that no evidentiary hearing is necessary.  Hoggard, 29 F.3d at 471; Reese v. Fulcomer, 946 F.2d 247, 264 (3d Cir. 1991), cert. denied, 503 U.S. 988 (1992).  Federal courts have not developed a uniform approach to motions for appointment of counsel.

In McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997), the Eighth Circuit suggested "several factors to guide a district court when it evaluates whether a petitioner needs court appointed counsel. These include the factual and legal complexity of the case, and the petitioner's ability both to investigate and to articulate his claims without court appointed counsel." See also Hoggard, 29 F.3d at 471 (same). In Sellers v. United States, the district court considered "the viability or frivolity of the indigent's claims, the nature and complexity of the case, and the indigent's ability to present the case." Sellers v. United States, 316 F.Supp.2d 516, 522 (E.D. Mich. 2004).

The court has reviewed the record, and the grounds of Hoston's petition. The court has considered the factors discussed in McCall and Sellers. Hoston notes that he is unable to afford counsel, and that he lacks knowledge of the law. The same is true of the vast majority of habeas petitioners. He seeks counsel to investigate, obtain evidence, and present the claims of his petition. The claims and issues raised in Hoston's petition are not complex, in the habeas context. The claims and issues raised in Hoston's petition can be properly analyzed on the state court record and the parties' filings. See, e.g., Hoggard, 29 F.3d at 471.

Hoston's motion for appointment of counsel (R. 13) is DENIED.

IT IS SO ORDERED.

Dec. 2, 2016        /s/ David A. Ruiz
                    David A. Ruiz
                    United States Magistrate Judge