UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL A. HOSTON, | ) | 1:16CV1872 |
| | ) | |
| Petitioner | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | (Mag. Judge David A. Ruiz) |
| | ) | |
| CHARMAINE BRACY, | ) | |
| Warden, | ) | |
| | ) | |
| Respondent | ) | MEMORANDUM |
| | ) | AND ORDER |

RUIZ, MAG. JUDGE

The petitioner Michael A. Hoston ("Hoston") has filed a petition *pro se* for a writ of habeas corpus ("federal petition"), arising out of his 2015 conviction for felonious assault in the Cuyahoga County (Ohio) Court of Common Pleas. In his federal petition, Hoston raises four grounds for relief:

> 1. Petitioner was denied his rights to Due Process under the Sixth and Fourteenth Amendments to the U.S. Constitution where there was insufficient evidence to prove the elements of the offense in his conviction.
>
> 2. Petitioner was denied his rights to Due Process under the Sixth and Fourteenth Amendments to the U.S. Constitution and his right to a fair trial when the trial court improperly provided the jury with instruction on aiding and abetting.
>
> 3. Petitioner was denied his rights to Due Process under the Sixth and Fourteenth Amendments to the U.S. Constitution and his right to a fair trial when the trial court improperly provided the jury with instruction on flight.

> 4. Petitioner was denied his rights to Due Process under the Sixth and Fourteenth Amendments to the U.S. Constitution when he received ineffective assistance of trial counsel.

(R. 1, § 12.)  In addition, Hoston has filed a motion for stay and abeyance of the federal petition.  (R. 17.)  He seeks a stay to exhaust claims raised in a state-court petition for post-conviction relief, which remains pending in state court.  Hoston's motion does not specify the claims at issue.  (R. 17.)

The respondent has filed a brief in opposition arguing against the Hoston's motion.  (R. 19.)  According to respondent, Hoston's unexhausted, post-conviction petition raised distinct claims not included within the four claims asserted in his federal petition.  (R. 19.)  In fact, the petition itself acknowledges that the federal petition grounds are not at issue in the post-conviction petition.  (R. 1, at PageID #: 4, 5, 6, 7.)

The respondent states that Hoston's post-conviction petition raises three claims of ineffective assistance of counsel that are distinct from the grounds of his federal petition.  (R. 19, PageID #: 576.)  The fourth ground of the habeas petition is based on ineffective assistance of trial counsel, alleging that counsel failed to object to certain jury instructions.  (R. 1, PageID #: 7.)  The ineffective assistance claims raised in his post-conviction petition are based on (1) failure to raise a defense based on a faulty identification by one witness; (2) the issue of the victim's credibility; and, (3) counsel's conflict of interest.  (R. 19, PageID #: 576-577; see R. 15, RX 13, PageID #: 204, 205, 206.)  An ineffective assistance claim based on a different theory is a separate and distinct claim.  *See, e.g, Wong v. Money*, 142 F.3d

313, 322 (6th Cir. 1998); *see also Brandon v. Stone*, No. 06-5284, 2007 WL 786330, at *1 (6th Cir. March 15, 2007) (citing *Williams v. Bagley*, 380 F.3d 932, 969 (6th Cir. 2004)).

Hoston's federal petition is not a mixed petition, which would be eligible for consideration of the stay-and-abeyance procedure. A mixed petition contains both unexhausted and exhausted claims. *Pliler v. Ford*, 542 U.S. 225, 227 (2004). The fact that Hoston has filed a separate motion or has separate claims pending in state court does not render his current federal petition a mixed petition. *Bowling v. Haeberline*, No. 03-5681, 2007 WL 2321302, at *2 (6th Cir. Aug. 14, 2007). The Supreme Court has explained that the stay-and-abeyance procedure is used in circumstances where:

> . . . a petitioner comes to federal court with a mixed petition toward the end of the limitations period, [and] a dismissal of his mixed petition could result in the loss of all of his claims – including those already exhausted – because the limitations period could expire during the time a petitioner returns to state court to exhaust his unexhausted claims.

*Pliler*, 542 U.S. at 230. The court is not required to stay "a petition containing only exhausted claims because the petitioner attempts to raise additional but unexhausted claims during the course of the habeas corpus proceedings." *Jones v. Parke*, 734 F.2d 1142, 1145 (6th Cir. 1984).

In addition, the Supreme Court has cautioned that "stay and abeyance should be available only in limited circumstances." *Rhines v. Weber*, 544 U.S. 269, 277 (2005); *Wiedbrauk v. Lavigne*, No. 04-1793, 2006 WL 1342309, at *5 (6th Cir. May 17, 2006), *cert. denied*, 549 U.S. 961 (2006). The procedure is appropriate only

when the petitioner had good cause for a failure to exhaust. *Rhines*, 544 U.S. at 277. Hoston's motion does not demonstrate good cause for any failure to exhaust his remedies in state court.

The motion for stay and abeyance (R. 17) is DENIED.

IT IS SO ORDERED.

Jan. 23, 2017 /s/ David A. Ruiz
David A. Ruiz
United States Magistrate Judge