## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| MICHAEL A. HOSTON, | ) Case No. 1:16CV1872 |
| | ) |
| Petitioner, | ) |
| | ) JUDGE JOHN R. ADAMS |
| v. | ) MAGISTRATE JUDGE DAVID A. RUIZ |
| | ) |
| CHARMAINE BRACY, | ) |
| Warden, | ) |
| | ) |
| Respondent. | ) REPORT AND |
| | ) <u>RECOMMENDATION</u> |

Before the court is the petition of Michael A. Hoston ("Hoston") for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  The petition is before the magistrate judge pursuant to Local Rule 72.2(b)(2).  The petitioner is in the custody of the Ohio Department of Rehabilitation and Correction pursuant to journal entry of sentence in the case of *State of Ohio v. Hoston*, Case No. CR-14-591059-B (Cuyahoga County March 5, 2015).  (R. 1, PageID #: 1.)

Hoston filed the petition *pro se,* following his 2015 conviction for felonious assault in the Cuyahoga County (Ohio) Court of Common Pleas.  The respondent has filed a Return of Writ[1] (R. 15), and Hoston has filed a Traverse (R. 21).  For the following reasons, the magistrate judge recommends that the petition be denied.

---

[1] The court notes that the respondent has not filed the complete state court record, as required by Habeas Rule 5(d)(3).  Although the respondent provided the briefs filed by the petitioner and the prosecutor (*see, e.g.*, R. 15, RX 5-6), the respondent did not include "the opinions and dispositive orders of the appellate

## I.  FACTUAL AND PROCEDURAL BACKGROUND

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment of a state court, factual determinations made by state courts are presumed correct.  28 U.S.C. § 2254(e)(1); *see also Franklin v. Bradshaw*, 695 F.3d 439, 447 (6th Cir. 2012) ("State-court factual findings are presumed correct unless rebutted by clear and convincing evidence.")  The Eighth District Ohio Court of Appeals provided the following factual and procedural background:

> On March 6, 2015, appellant was convicted by a jury of felonious assault with a three-year firearm specification.  The trial court imposed a four-year prison sentence for the felonious assault conviction to be served subsequent to a three-year prison term for the firearm specification.
>
> * * * * * *
>
> The facts of this case are that on the evening of May 8, 2014, Miaya Williams and her friend Tanisha Davis drove to Forest Hills Park to attend a barbecue.  Williams parked her car on Thornhill Drive and the two began walking into the park towards a hut where people had gathered.  As they approached the hut, Williams saw "Tay Tay" (Delontae Phillips), "Tone" (Antonio Lacey) and "ATL" (Michael Hoston) in front of her.  She knew Phillips as a family friend and had attended high school with Hoston.  Williams testified that she was in the middle of the three men with Hoston directly in front of her while Lacey and Phillips were off to the sides.

---

court relating to the conviction or the sentence."  Rule 5(d)(3), Rules Governing Section 2254 Cases.  The Return of Writ cites to the commercially available (Westlaw) versions of the state court opinions, but that is not compliant with the Habeas Rules.  Petitioner did not object; and the court has reviewed the pertinent state court opinions and orders.  Counsel, however, is instructed to file a copy of the complete state court record in future actions, as required by Habeas Rule 5.

Williams observed Phillips brandishing a gun and acting "like he was drunk with it." She further saw Hoston and Lacey with guns in their hands as well. Williams testified that Phillips was the first to fire his weapon and "then everybody just got to firing." Williams tried to dive to the ground and did not see Hoston fire his gun. While she was laying on the ground, she heard bystanders indicate that she had been shot. Williams sustained a gunshot to the right side of her face that resulted in the loss of her right eye and damage to the vision in her left eye.

Chantrice Hill was at a friend's home on Tuscora Avenue on a different side of the park at the time of the shooting. Hill testified that she heard shots coming from the Thornhill Drive side of the park and, as the sound of gunfire grew closer, she observed a silver car traveling down Tuscora Avenue with males firing guns out of the car's windows into the park. After the car drove away, she heard screaming and ran into the park to find Williams on the ground suffering from a gunshot wound. Hill testified that she reached Williams less than a minute following the shooting and that no men remained at the scene. She did observe men running out of the park as she entered. Hill testified that a female was attempting to care for Williams.

Cleveland police officer Dustin Miller responded to the park for a report of shots fired. He was the first officer to arrive and observed people running from the scene in every direction. Miller testified that a female nurse was attending to Williams and none of the remaining bystanders would provide to him the names of the shooters.

Cleveland police officer James Reddy also responded to the scene and did not observe anyone with a firearm to be present. Officer Reddy found shell casings on Thornhill Drive approximately 75 feet south of where Williams was shot.

Cleveland Police detective Albert Oliver identified Delontae Phillips, Antonio Lacey and Michael Hoston as suspects in the shooting after Williams identified the three men from photo arrays. Detective Oliver testified that he was later contacted by Williams regarding threats made against her. Williams testified that she was threatened by a cousin of Antonio Lacey.

*State v. Hoston*, 2015-Ohio-5422, ¶¶ 2-8, No. 102730, 2015 WL 9438505, at *1-*2

(Ohio Ct. App. Dec. 24, 2015).

3

On direct appeal, Hoston raised five assignments of error:

1.  The trial court erred in denying Appellant's motion for acquittal as to the charges when the State failed to present sufficient evidence to sustain a conviction.

2.  Appellant's convictions are against the manifest weight of the evidence.

3.  The trial court erred by giving a jury instruction on aiding and abetting which denied Appellant's right to a fair trial.

4.  The trial court erred by giving a jury instruction on flight which denied Appellant's right to a fair trial.

5.  Appellant was denied effective assistance of counsel as guaranteed by Section 10, Article I, of the Ohio Constitution and the Sixth and Fourteenth Amendments.

(R. 15, RX 5, PageID #: 97.)  On December 24, 2015, the court of appeals affirmed

the judgment of the trial court.  *Hoston*, 2015 WL 9438505.

Hoston appealed that decision to the Supreme Court of Ohio, raising the

following five propositions of law:

1.  Is Appellant prejudiced and does the trial court err when an Appellant is convicted by evidence insufficient to prove the elements of the offense?

2.  Is Appellant prejudiced and does the trial court err when an Appellant's conviction is against the manifest weight of the evidence?

3.  Is Appellant prejudiced and does the trial court err and deny him his right to a fair trial by giving a jury instruction on aiding and abetting?

4.  Is Appellant prejudiced and does the trial court err and deny him his right to a fair trial by giving a jury instruction on flight?

5.  Is an Appellant denied his rights under Section 10, Article I, of the Ohio Constitution and the Sixth and Fourteenth Amendments to the

4

United States Constitution when he has received ineffective assistance
of trial counsel?

(R. 15, RX 11, PageID #: 168.)  On April 20, 2016, the Supreme Court of Ohio

declined jurisdiction of his appeal.  *State v. Hoston*, 145 Ohio St.3d 1446, 48 N.E.3d

584 (2016).

While his direct appeal was pending, Hoston filed a petition to set aside

judgment of conviction or sentence, pursuant to Ohio Rev. Code § 2953.21, in the

trial court.  His postconviction petition raised the following claims:

> 1.  Ineffective assistance of counsel related to defense counsel's failure
> to investigate and present a reasonable defense based on the false
> identification of Petitioner.
>
> 2.  Ineffective assistance of counsel related to the assessment of the
> victim's credibility related to the events that occurred on the evening
> in question and the Petitioner's involvement.
>
> 3. Petitioner was denied the effective assistance of counsel due to
> conflict of interest.

(R. 15, RX 13, PageID #:  204-206.)  At the time that respondent filed its Return of

Writ, the respondent represents that the petition had not been ruled upon.  (R. 15,

PageID #: 47.)  However, Hoston has not presented any of the claims raised in that

state petition as a basis for his federal habeas petition.

In his federal petition, Hoston raises four grounds for relief:

> 1.  Petitioner was denied his rights to Due Process under the Sixth and
> Fourteenth Amendments to the U.S. Constitution where there was
> insufficient evidence to prove the elements of the offense in his
> conviction.
>
> 2.  Petitioner was denied his rights to Due Process under the Sixth and
> Fourteenth Amendments to the U.S. Constitution and his right to a

5

fair trial when the trial court improperly provided the jury with instruction on aiding and abetting.

3. Petitioner was denied his rights to Due Process under the Sixth and Fourteenth Amendments to the U.S. Constitution and his right to a fair trial when the trial court improperly provided the jury with instruction on flight.

4. Petitioner was denied his rights to Due Process under the Sixth and Fourteenth Amendments to the U.S. Constitution when he received ineffective assistance of trial counsel.

(R. 1, § 12.)

## II.  HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus.  Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court.  The Supreme Court, in *Williams v. Taylor*, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

6

*Williams v. Taylor*, 529 U.S. 362, 412-413 (2002).  *See also Lorraine v. Coyle*, 291 F.3d 416, 421-422 (6th Cir. 2002), *cert. denied*, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases."  *Williams*, 529 U.S. at 405.  *See also Price v. Vincent*, 538 U.S. 634, 640 (2003).  A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect.  Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law.  *Williams*, 529 U.S. at 410-12; *Lorraine*, 291 F.3d at 422.

Hoston has filed his petition *pro se*.  The pleadings of a petition drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers, and will be liberally construed.  *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001) (citing *Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972) (per curiam)).  No other special treatment is afforded litigants who decide to proceed *pro se*.  *McNeil v. United States*, 508 U.S. 106, 113 (1993) (strict adherence to procedural requirements); *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991); *Brock v. Hendershott*, 840 F.2d 339, 343 (6th Cir. 1988).

## III.  PROCEDURAL DEFAULT

The respondent argues that the second and third grounds of the petition – which challenge jury instructions on aiding and abetting, and on flight, respectively

7

– have been procedurally defaulted.  The respondent contends that Hoston did not object to these instructions at trial; and, therefore, the claims are barred under Ohio's contemporaneous objection rule.  (R. 15, PageID #: 59.)

During Hoston's direct appeal in state court, his third and fourth assignments of error claimed that the trial court erred in its jury instructions on aiding and abetting, and on flight, respectively.  (R. 15, RX 5, PageID #: 97.)  The court of appeals addressed those claims as follows:

> A defendant may not assign as error the giving or omitting any instructions unless he objects before the jury retires and further objects by "stating specifically the matter objected to and the grounds of the objection."  Crim.R. 30(A).  The record reflects that Hoston failed to object at trial to either of the presently contested jury instructions and, therefore, has waived all but plain error on appeal.  *State v. Burns*, 8th Dist. Cuyahoga No. 95465, 2011-Ohio-4230, ¶ 9.  "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."  Crim.R. 52(B).

> An erroneous jury instruction does not constitute a plain error or defect under Crim.R. 52(B) unless, but for the error, the outcome of the trial clearly would have been otherwise.  *Burns* at ¶ 10, citing *State v. Cooperrider*, 4 Ohio St.3d 226, 227, 448 N.E.2d 452 (1983).

> For the reasons addressed in Hoston's first assignment of error, a jury instruction on aiding and abetting was appropriate in this instance.[2]

> In regards to the jury instruction regarding flight, the trial court instructed the jury as follows:

>> Testimony has been admitted indicating that the defendant fled the scene.  You are instructed the fact that

---

[2]  The court found that " . . . even if Hoston did not fire his weapon, the state introduced sufficient evidence to establish that he aided and abetted Phillips and Lacey in their gun battle with the unknown men in the vehicle behind Williams.  Hoston's conduct exceeded merely being present at the scene of the crime."  *Hoston*, 2015 WL 9438505, at *3.

the defendant fled the scene does not raise a presumption of guilt but it may tend to indicate the defendant's consciousness of guilt.  If you find that the facts do not support that the defendant fled the scene or if you find some other motive prompted the defendant's conduct or if you are unable to decide what the defendant's motivation was, then you should not consider this evidence for any purpose.  However, if you find that the facts support that the defendant engaged in such conduct and if you decide that the defendant was motivated by a consciousness of guilt, you may but are not required to consider that evidence in deciding whether the defendant is guilty of the crimes charged.  You alone determine what weight, if any, to give to the evidence of flight.

The state argues that the above instruction was appropriate because (1) Hoston fled the scene and took his handgun with him, and (2) Hoston repeatedly attempted to get witnesses to lie for him and to contact Williams while he was awaiting trial.  Because the trial court's instruction pertains only to Hoston having "fled the scene," we consider only the first rationale.

This court has said that "[f]light from justice may be indicative of a consciousness of guilt."  *State v. Santiago*, 8th Dist. Cuyahoga No. 95516, 2011-Ohio-3058, ¶ 30, citing *State v. Taylor*, 78 Ohio St.3d 15, 27, 676 N.E.2d 82 (1997).

However, the "'mere departure from the scene of the crime is not to be confused with deliberate flight from the area in which the suspect is normally to be found.'" *State v. Johnson*, 8th Dist. Cuyahoga No. 99715, 2014-Ohio-2638, ¶ 108, quoting *Santiago* at ¶ 30; *State v. Norwood*, 11th Dist. Lake Nos. 96-L-089 and 96-L-090, 1997 Ohio App. LEXIS 4420, 1997 WL 663423 (Sept. 30, 1997).  Courts have determined the flight instruction to be in error when the facts demonstrated that the defendant did not take affirmative steps to avoid detection or apprehension or the police officers take no steps to locate the suspect. *Johnson* at ¶ 109; *State v. Jackson*, 8th Dist. Cuyahoga No. 100125, 2014-Ohio-3583, ¶ 48.  Accordingly, and without more, flight immediately after the crime may be insufficient to warrant an instruction if, for example, everyone near the scene of the crime immediately flees — such as when a crowd disperses upon hearing gunshots. *Johnson* at ¶ 110.

The testimony of every witness with the exception of Williams established that Hoston immediately left the scene after the shooting. However, this evidence alone did not warrant a flight instruction. Nonetheless, Detective Oliver testified that after Williams identified Hoston as involved in the shooting and provided a statement, he issued a warrant for Hoston's arrest.  Hoston subsequently contacted Detective Oliver who provided him with information about turning himself in.  Detective Oliver testified that Hoston understood that he would either be arrested or could turn himself in.  Detective Oliver testified that he later learned that Hoston was arrested on the county warrant.

Although Hoston's arrest after receiving instructions regarding turning himself in could possibly be interpreted as some evidence of an attempt by Hoston to evade police apprehension, we find that the trial court's flight instruction did not amount to plain error even if the evidence was not viewed in that manner.  Even assuming that the trial court's instruction was in error, we cannot say that Hoston has demonstrated prejudice such that a manifest miscarriage of justice has occurred in this instance.  The instruction given allowed the jury to make its own conclusions on flight and to consider whether Hoston left the scene and, if so, his motivation for leaving.  This court has previously declined to find plain error under such circumstances.  *State v. Jackson* at ¶ 50.  As in Jackson, the instruction did not change the underlying facts of the case and the instruction was harmless beyond a reasonable doubt.  *Id.*

Hoston's third and fourth assignments of error are overruled.

*Hoston*, 2015 WL 9438505, at *5-*7.

A habeas claim may be procedurally defaulted in two distinct ways.  First, by failing to comply with state procedural rules.  *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986)). Second, by failing to raise a claim in state court, and to pursue the claim through the state's ordinary review process.  *Williams*, 460 F.3d at 806 (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)).  In addition, where a state court has failed to address a petitioner's federal claim(s) because he failed to meet a state procedural

requirement, the state judgment rests on independent and adequate state procedural grounds, barring federal habeas relief.  *Coleman v. Thompson*, 501 U.S. 722, 729-730 (1991); *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Morales v. Coyle*, 98 F.Supp.2d 849, 860 (N.D. Ohio 2000), *aff'd*, 507 F.3d 916 (6th Cir. 2007).  Thus, where a state prisoner has procedurally defaulted his federal claims in state court, habeas review of those claims is barred "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."  *Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001) (quoting *Coleman*, 501 U.S. at 750); *Davie v. Mitchell*, 324 F.Supp.2d 862, 870 (N.D. Ohio 2004), *aff'd*, 547 F.3d 297 (6th Cir. 2008), *cert. denied*, 103 S.Ct. 503 (2009).

The court considers four factors to determine whether a claim has been procedurally defaulted:  (1) the court must determine whether there is a state procedural rule that is applicable to the petitioner's claim, and whether the petitioner failed to comply with the rule; (2) the court must decide whether the state courts actually enforced the procedural sanction; (3) the court must decide whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of the federal claim[3]; and, (4) the

---

[3]  When a petitioner has defaulted his federal claim in state court pursuant to an independent and adequate state procedural rule, habeas review is barred unless the petitioner can demonstrate cause for the default and actual prejudice, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.  *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004) (per curiam), *cert. denied*, 543 U.S. 989 (2004); *Buell*, 274 F.3d at 348.

petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error. *Buell*, 274 F.3d at 348 (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986)); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001) (quoting *Maupin*).

The court of appeals overruled Hoston's challenge to the jury instructions on appeal, because he had not lodged a timely objection at trial, and he did not show plain error. *Hoston*, 2015 WL 9438505, at *5-*7. The Sixth Circuit has held that Ohio's contemporaneous objection rule constitutes an adequate and independent state ground barring federal habeas review, and that the application of plain error review constitutes enforcement of the rule. *Biros v. Bagley*, 422 F.3d 379, 387 (6th Cir. 2005), *cert. denied*, 549 U.S. 853 (2006)). *See generally Wainwright*, 433 U.S. at 86-88 (contemporaneous objection rule adequate and independent state ground to foreclose habeas review); *Gulertekin v. Tinnelman-Cooper*, 340 F.3d 415, 424 (6th Cir. 2003) (Ohio's contemporaneous objection rule constitutes an adequate and independent state ground that bars federal habeas review, citing cases); *Loza v. Mitchell*, No. C-1-98-287, 2002 WL 1580520, at *28-*30 (S.D. Ohio June 11, 2002) (citing *Scott v. Mitchell*, 209 F.3d 854, 867-871 (6th Cir.), *cert. denied*, 531 U.S. 1021 (2000)).

Further, controlling precedent in the Sixth Circuit demonstrates "that plain error review does not constitute a waiver of state procedural default rules." *Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000), *cert. denied*, 532 U.S. 989 (2001); *see also Keith v. Mitchell*, 455 F.3d 662, 673-674 (6th Cir. 2006), *cert. denied*,

549 U.S. 1308 (2007); *Gulertekin*, 340 F.3d at 423-424.  Thus, the state court's plain error review does not change the fact that Hoston has procedurally defaulted these claims.

As to the fourth *Maupin* factor, "cause" for a procedural default is ordinarily shown by "some objective factor external to the defense" that impeded the petitioner's efforts to comply with the state's procedural rule.  *Coleman*, 501 U.S. at 753 (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).  The respondent points out that the state courts have already rejected Hoston's ineffective assistance of counsel claims which were based on counsel's failure to object.  (R. 15, PageID #: 62; *see generally Hoston*, 2015 WL 9438505, at *7.)

Hoston does not argue cause.  Rather, Hoston invokes the fundamental miscarriage of justice exception.  Hoston argues that, under *Murray v. Carrier*, a procedural default can be excused, even in the absence of cause, when "a constitutional violation has probably resulted in the conviction of one who is actually innocent."  (R. 21, PageID #: 584, quoting *Murray*, 477 U.S. at 496.)

The fundamental miscarriage of justice exception, however, applies only to a "narrow range of cases."  *Schlup v. Delo*, 513 U.S. 298, 314-315 (1995) (quoting *McCleskey v. Zant*, 499 U.S. 467, 494 (1991)).  The Supreme Court has instructed that the exception should remain "rare," applied only in the "extraordinary case." *Id.* at 321.  Further, it is explicitly linked to a showing of the petitioner's actual innocence.  *Id.*  The Sixth Circuit has noted:

> . . . the threshold inquiry is whether "new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of

13

the trial." To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." The [Supreme] Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." To be credible, such a claim requires petitioner to support his allegations of constitutional error with *new reliable evidence* – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – *that was not presented at trial.*" The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'"

*Souter v. Jones*, 395 F.3d 577, 589-590 (6th Cir. 2005) (emphasis added) (internal citations omitted). *See also Schlup*, 513 U.S. at 329; *In re Byrd*, 269 F.3d 561, 573-574 (6th Cir. 2001) (petitioner must show it is more likely than not that no reasonable juror would have convicted in light of new evidence); *Taylor v. Mitchell*, 296 F.Supp.2d 784, 796 (N.D. Ohio 2003).

Hoston contends that "the affidavits demonstrate petitioner's actual innocence" to overcome his procedural default. (R. 21, PageID #: 584.) No affidavits accompany his habeas petition, however. He asserts that he filed "a request for an evidentiary hearing along with affidavit(s)" in support of his postconviction petition. (R. 21, PageID #: 585, citing R. 15, PageID #: 203-209.) While the record before this court includes postconviction petition itself, no affidavits are part of the record. *See generally* R. 15, PageID #: 203-209. Hoston's postconviction petition, however, includes a sufficient statement of the subject matter of the affidavits for present purposes.

One of the claims in Hoston's postconviction petition is that "counsel failed to investigate the claims made by the only witness [i.e., the victim Williams] placing

14

Petitioner at the scene of the crime." (R. 15, PageID #: 204.)  Hoston argues that while Williams stated that she knew Hoston from attending Shaw High School with him, he never attended Shaw.  *Id.*  Hoston then states that affidavits are attached to support the claim:  "Letter from the East Cleveland Municipal School District showing that petitioner never attended school in that District," along with an affidavit from Hoston himself.  *Id.* at 205.

At trial, the victim was asked about the identities of the persons involved in the incident, and the testimony indicated, in relevant part:

Q.  Do you know ATL?  Do you know his full name?

A.  Michael Hoston.

Q.  And did you know Michael Hoston?

A.  I know him.  I went to school with him.  I didn't know him like know him know him.  I just know I went to school with him.

Q.  When did you go to school with him?

A.  I think we went to Shaw in like the ninth grade.  Ninth or like it was, yeah, like high school.  It wasn't middle school, it was high school, and his sister had also went to school with me at Shaw.

(R. 15-3, Trial Tr., vol. 2, PageID #: 256-257.)  In his postconviction petition, Hoston contended that she could not know him from Shaw, because he never attended Shaw.  (R. 15, PageID #: 204-205.)

The issue of Hoston's identity was addressed elsewhere in the victim's testimony as well.  The victim also testified that Detective Oliver spoke with her, after she was released from the hospital, about identifying the people she had seen with guns in the park that day.  (R. 15-3, Tr., vol. 2, PageID #: 260-261.)  Due to her

15

eye injury, she needed the photographs enlarged, but she was able to identify

Hoston from a photograph.  *Id.* at 263-264.

In addition, the victim testified on direct examination as follows:

Q.  Do you know Michael Hoston's family?

A.  I know that he grew up in a good family.  He's not no gangster-type
person.

Q.  Do you know his family?

A.  I know his father and I know of his sister.

(R. 15-3, Tr., vol. 2, PageID #: 268.)  On cross-examination, defense counsel did not

contest the victim's identification of Hoston, and indeed appeared to accept it.  *See*

R. 15-3, Tr., vol. 2, PageID #: 290 ("Q. When you first approached, you see ATL who

is also known as who?  A.  Michael Hoston."); *see generally* PageID #: 289-301.

The victim's actual identification of Hoston appears uncontested, whether or

not the Petitioner's affidavits and argument question the context in which she

originally met him.  In addition, Hoston asserts that he attached another affidavit

attesting to the "improper interactions between Petitioner and counsel," in support

of a claim that he was denied effective assistance of counsel "due to conflict of

interest."  (R. 15, PageID #: 206.)  None of the affidavits or argument would

establish factual innocence, that is, they would not constitute new reliable evidence

(exculpatory scientific evidence, trustworthy eyewitness accounts, or critical

physical evidence) of his innocence of the crime.

Hoston does not provide any new reliable evidence that would tend to

establish his innocence, for purposes of overcoming his procedural default.  The

16

court does not find that Hoston's arguments undermine confidence in the result of the trial, or that this is the type of "extraordinary case" contemplated by the Supreme Court. *See Murray*, 477 U.S. at 496.

The second and third grounds of the petition are procedurally defaulted, and Hoston has not shown reliable evidence of factual innocence which would allow the court to address the merits of these claims despite his procedural default. The writ of habeas corpus petition should not be granted on the second or third grounds for relief.

## IV. SUFFICIENCY OF THE EVIDENCE

The first ground of Hoston's petition asserts he was denied due process under the Sixth and Fourteenth Amendments because there was insufficient evidence to prove the elements of the offense in his conviction. In his "supporting facts," Hoston contends that it "was never established or proven that he had ever actually fired a gun during the confrontation," and "it was never established or proven what relationship, if any, Petitioner had with his co-defendants." (R. 1, PageID #: 4.)

The state court of appeals addressed his claim as follows:

In Hoston's first assignment of error he argues that the evidence was insufficient as a matter of law to support a finding beyond a reasonable doubt that he was guilty of felonious assault.

This court has said that, in evaluating a sufficiency of the evidence argument, courts are to assess not whether the state's evidence is to be believed but whether, if believed, the evidence against a defendant would support a conviction. *State v. Givan*, 8th Dist. Cuyahoga No. 94609, 2011–Ohio–100, ¶ 13, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). The relevant inquiry then is whether,

17

after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Id.*

Hoston was convicted of felonious assault in violation of R.C. 2903.11(A)(1) that provides that no person shall knowingly cause serious physical harm to another. The state concedes that no evidence was introduced to establish that Hoston fired the bullet that struck Williams. None of the firearms involved in this offense were recovered and, therefore, no ballistics evidence was introduced. Instead, Hoston's convictions were based on accomplice liability, which is governed by R.C. 2923.03, the pertinent parts of which state as follows:

> (A) No person, acting with the kind of culpability required for the commission of an offense, shall * * * (2) Aid or abet another in committing the offense * * *.
> * * *

> (F) Whoever violates this section is guilty of complicity in the commission of an offense, and shall be prosecuted and punished as if he were a principal offender.

""To support a conviction for complicity by aiding and abetting pursuant to R.C. 2923.03(A)(2), the evidence must show that the defendant supported, assisted, encouraged, cooperated with, advised, or incited the principal in the commission of the crime, and that the defendant shared the criminal intent of the principal.'" *State v. Doumbas*, 8th Dist. Cuyahoga No. 100777, 2015–Ohio–3026, ¶ 14, quoting *State v. Johnson*, 93 Ohio St.3d 240, 754 N.E.2d 796, (2001), syllabus. An accomplice's shared criminal intent may be inferred from the circumstances surrounding the crime. *Id.* Mere association with the principal offender or presence at the scene of a crime is insufficient to establish complicity. *Id.* However, "'[p]articipation in criminal intent may be inferred from presence, companionship, and conduct before and after the offense is committed.'" *State v. Cartellone*, 3 Ohio App.3d 145, 150, 444 N.E.2d 68 (8th Dist. 1981), quoting *State v. Pruett*, 28 Ohio App.2d 29, 34, 273 N.E.2d 884 (4th Dist. 1971).

The evidence established that a gun battle occurred between the three identified men in front of Williams — Phillips, Lacey and Hoston — and the unknown men in a silver vehicle on the street behind Williams. The combined testimony of Williams, Hill and Officer Reddy, who recovered shell casings from the street, established the

18

existence of the unknown males in a silver vehicle on the street and an armed confrontation between those men and Phillips, Lacey and Hoston.  This is also consistent with the testimony of Tanisha Davis who was beside Williams as they approached the hut from the street and described the gunfire as emanating from the hut and, implicitly, towards Davis, Williams and the street behind them.

Although no direct evidence was introduced to establish that Hoston fired his weapon during the exchange of gun fire, the state introduced circumstantial evidence from which one could conclude that he participated in the exchange of gunfire.  Furthermore, even if Hoston did not fire his weapon, the state introduced sufficient evidence to establish that he aided and abetted Phillips and Lacey in their gun battle with the unknown men in the vehicle behind Williams.  Hoston's conduct exceeded merely being present at the scene of the crime.  The testimony of Williams and Davis placed Phillips, Lacey and Hoston with guns drawn near the hut in front of the woman with Hoston directly in front of Williams.  According to Williams, Phillips fired first and "then everybody just got to firing" while Williams dived to the ground and was wounded in the process.

On these facts, the state has presented sufficient evidence that Hoston was allied with Phillips and Lacey in a confrontation with an unknown group of men in a silver vehicle on the street and, at the very least, he drew a firearm to support or cooperate with the gun fight that injured Williams.

We note that it is irrelevant for the purposes of this offense which of the participants in this gun battle fired the bullet that stuck Williams. Criminal conduct constitutes the "proximate cause" of an injury, when the conduct "(1) caused the result, in that but for the conduct, the result would not have occurred, and (2) the result [was] foreseeable." *State v. Gibson*, 8th Dist. Cuyahoga No. 98725, 2013–Ohio–4372, ¶ 36, citing *State v. Muntaser*, 8th Dist. Cuyahoga No. 81915, 2003–Ohio–5809, ¶ 38.  "Foreseeability is determined from the perspective of what the defendant knew or should have known, when viewed in light of ordinary experience."  *Muntaser* at ¶ 38.  Results are foreseeable when the consequences of an action are "natural and logical," meaning "that [they are] within the scope of the risk created by the defendant."  *Id.*, citing *State v. Losey*, 23 Ohio App.3d 93, 491 N.E.2d 379 (10th Dist. 1985).

In *State v. Catron*, 8th Dist. Cuyahoga No. 101789, 2015-Ohio-2697, this court upheld a felony murder conviction based on a felonious

assault charge where two brothers engaged in a gun fight from opposite sides of a street. An innocent bystander was stuck by an errant shot from a position that indicated he was likely shot by the defendant's brother rather than the defendant. This court nonetheless found that the defendant, by drawing his weapon and firing at his brother, created a foreseeable risk that his brother would return fire and cause the death of an innocent third-party bystander. *Id.* at ¶ 16.

Similarly, in *State v. Spates*, 8th Dist. Cuyahoga No. 100933, 2015-Ohio-1014, this court upheld a conviction for felonious assault where a friend of the defendant was struck by a bullet in the course of a gun battle between the defendant and another group of men. Although the victim testified that it was impossible for the bullet that struck him to have been fired by the defendant, this court noted that the state's theory of the case did not require the defendant to shoot the victim to be guilty of felonious assault. *Id.* at ¶ 74. The defendant's actions including causing the victim to be at the scene, bringing a firearm to the scene and instigating and inviting a confrontation caused the victim to be in harms way. *Id.* at ¶ 74. As in Catron, this court held that even assuming that the victim was shot by an intervening party, it was the defendant who caused him to be in harm's way. *Spates* at ¶ 74.

In this instance, evidence was introduced to establish that Hoston aided and abetted Phillips, whom Williams testified fired the first shot in the exchange of gun fire. It was entirely foreseeable that Williams would be struck by an errant shot when Hoston and his cohorts engaged in a gun battle with both Williams and Davis trapped directly in the cross-fire. Therefore, consistent with Catron and Spates, the identity of the individual whose bullet struck Williams does not alleviate Hoston of liability for felonious assault in this instance.

*Hoston*, 2015 WL 9438505, at *2-*4.

The state court of appeals reviewed Hoston's assignment of error as to the sufficiency of the evidence, stating that the "relevant inquiry then is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Hoston*, 2015 WL 9438505, at *2 (citing *State v. Givan*, 8th Dist.

20

Cuyahoga No. 94609, 2011-Ohio-100, ¶ 13). The state court, then, appeared to rely on state law, rather than federal law, in addressing the sufficiency of the evidence claim. The standard set forth in *Givan*, however, derived from *State v. Jenks*, 61 Ohio St. 3d 259, 259-260, 574 N.E.2d 492, 494 (1991), which in turn adopted the standard from *Jackson v. Virginia*, 443 U.S. 307 (1979).

The question for this court, then, is whether the state court decision involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States. Under the "unreasonable application" clause, this court may grant the writ if the state court identified the correct governing legal principle from Supreme Court decisions but unreasonably applied that principle to the facts of Hoston's case.

A sufficiency of the evidence claim is reviewed under Supreme Court precedent by determining whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *see also Cavazos v. Smith*, 565 U.S. 1, 7 (2011) (per curiam); *Bagby v. Sowders*, 894 F.2d 792, 794 (6th Cir.) (en banc), *cert. denied*, 496 U.S. 929 (1990). The state appellate court applied the above-referenced standard. *Hoston*, 2015 WL 9438505, at *2. Thus, the state court identified the correct governing legal principle as set forth in *Jackson v. Virginia*.

Under *Jackson*, the habeas court does not make its own subjective determination of guilt or innocence. *Russell v. Anderson*, No. 1:07CV3434, 2008 WL

4534144, at *3 (N.D. Ohio Oct. 6, 2008) (citing *Herrera v. Collins,* 506 U.S. 390, 402 (1993)); *Talley v. Hageman*, 619 F.Supp.2d 407, 416 (N.D. Ohio 2008) (citing *Herrera*).  This court does not weigh the evidence, evaluate the credibility of witnesses, or substitute its judgment for that of the jury.  *White v. Steele*, 602 F.3d 707, 710 (6th Cir. 2009), *cert. denied*, 562 U.S. 858 (2010) (quoting *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009)); *Dover v. Warden, Belmont Corr. Inst.*, No. 5:08CV2130, 2009 WL 1940728, at *14 (N.D. Ohio July 2, 2009).

The Supreme Court has emphasized that "it is the responsibility of the jury — not the court — to decide what conclusions should be drawn from evidence admitted at trial." *Cavazos*, 565 U.S. at 2.  The Court stressed that *Jackson* "unambiguously instructs that a reviewing court 'faced with a record of historical facts that supports conflicting inferences must presume — even if it does not affirmatively appear in the record — that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.'" *Id.* at 7 (quoting *Jackson*, 443 U.S. at 326).  "A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Coleman v. Johnson*, 566 U.S. 650, 651 (2012) (per curiam) (quoting *Cavazos*).

On habeas review, "the *Jackson v. Virginia* standard is so demanding that '[a] defendant who challenges the sufficiency of the evidence to sustain his conviction faces a nearly insurmountable hurdle.'" *Davis v. Lafler*, 658 F.3d 525, 534 (6th Cir. 2011) (en banc), *cert. denied*, 566 U.S. 947 (2012) (quoting *United*

22

*States v. Oros*, 578 F.3d 703, 710 (7th Cir. 2009)).  The Supreme Court recently affirmed that "*Jackson* claims face a high bar in federal habeas proceedings." *Coleman v. Johnson*, 132 S.Ct. at 2062.  A federal habeas court may overturn the state court's sufficiency of the evidence decision "only if the state court decision was 'objectively unreasonable.'"  *Id.* (citing *Cavazos*, 565 U.S. at 4).

Reviewing the state court's determination on this matter, this court cannot find that the state court decision is an objectively unreasonable application of federal law.  Hoston has failed to demonstrate that the state court determination resulted in a decision that involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States. The petition should not be granted on the basis of the first ground.

## V.  INEFFECTIVE ASSISTANCE OF COUNSEL

The fourth ground of the petition is that Hoston received ineffective assistance of trial counsel.  In his supporting facts, Hoston contends that trial counsel was ineffective in failing to object to the jury instructions on aiding and abetting, flight, and transferred intent.  (R. 1, PageID #: 7.)

Under the Sixth Amendment to the U.S. Constitution, "the right to counsel is the right to effective assistance of counsel." *Missouri v. Frye*, 566 U.S. 133, 132 S.Ct. 1399, 1404 (2012); *Joshua v. DeWitt*, 341 F.3d 430, 437 (6th Cir. 2003) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970).  The Sixth Circuit

discussed the general standard for ineffective assistance of counsel in *Monzo v. Edwards*:

> To establish ineffective assistance of counsel under *Strickland*, the defendant must show that his counsel's performance fell below an objective standard of reasonableness and that his counsel's errors were so serious as to prejudice the defendant. Review of counsel's performance is highly deferential and requires that courts "indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." To establish prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."

281 F.3d 568, 579 (6th Cir. 2002) (internal citations omitted). *See generally Strickland v. Washington*, 466 U.S. 668, 689 (1984) (two-part test).

This court must approach the state court's rulings in a highly deferential manner. The Supreme Court stated that the "pivotal question" of whether the state court's application of *Strickland* standard was unreasonable is different from simply deciding whether counsel's performance fell below *Strickland*'s standard. *Harrington v. Richter*, 562 U.S. 86, 101 (2011). The focus on habeas review is "not whether counsel's actions were reasonable," rather, the question is "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.* at 105.

The Court in *Richter* instructed that the petitioner must show that the ruling of the state court "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103; *see also Montgomery v. Bobby*, 654 F.3d

24

668, 676 (6th Cir. 2011) (en banc), *cert. denied*, 132 S.Ct. 2376 (2012) (quoting

*Richter*).  The Court acknowledged that, under the AEDPA, this standard was

"difficult to meet," however, it was "meant to be" so.  *Id.* at 102; *see also*

*Montgomery*, 654 F.3d at 676.

> The state court of appeals addressed Hoston's claim as follows:
>
> In his fifth assignment of error Hoston argues that his trial counsel
> provided ineffective assistance of counsel by failing to object to the jury
> instructions regarding aiding and abetting, flight and transferred
> intent.
>
> In order to establish a claim of ineffective assistance of counsel, a
> defendant must demonstrate that (1) the performance of defense
> counsel was seriously flawed and deficient, and (2) the result of
> defendant's trial or legal proceeding would have been different had
> defense counsel provided proper representation.  *Strickland v.
> Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
>
> The propriety of the jury instructions regarding aiding and abetting
> and flight has been addressed in Hoston's third and fourth
> assignments of error.  For the reasons addressed above, we cannot say
> that Hoston has demonstrated ineffective assistance of counsel
> regarding those instructions.
>
> Similarly, we find no error in trial counsel's failure to object to a
> transferred intent instruction.  "[U]nder the doctrine of transferred
> intent, an offender who intentionally acts to harm someone but ends
> up accidentally harming another is criminally liable as if the offender
> had intended to harm the actual victim." *In re T.K.*, 109 Ohio St.3d
> 512, 514, 2006–Ohio–3056, 849 N.E.2d 286, ¶ 15.  We have previously
> applied the doctrine of transferred intent to "bad aim" cases.  *State v.
> Majid*, 8th Dist. Cuyahoga No. 96855, 2012–Ohio–1192, ¶ 25, citing
> *State v. Wheeler*, 8th Dist. Cuyahoga No. 66923, 1995 Ohio App. LEXIS
> 2146, 1995 WL 322247, (May 25, 1995).
>
> As addressed in detail above, the state presented sufficient evidence
> that Hoston did participate, or at the very least, aided and abetted
> Phillips and Lacey in a gun battle that resulted in an errant shot
> causing serious harm to Williams.  The trial court appropriately
> instructed on the doctrine of transferred intent in this instance.  As

such, Hoston's trial counsel did not err in failing to object to the instruction.

Hoston's fifth assignment of error is overruled.

*Hoston*, 2015 WL 9438505, at *7-*8.

The state court of appeals determined that the trial court's jury instructions were appropriate. Trial counsel cannot be ineffective in failing to object to the jury instructions at issue. Where an objection or legal argument lacks merit, it cannot be ineffective of counsel to fail to raise it. *Coley v. Bagley*, 706 F.3d 741, 752 (6th Cir. 2013), *cert. denied,* 134 S.Ct. 513 (2013); *Rashad v. Lafler*, 675 F.3d 564, 571 (6th Cir. 2012); *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001), *cert. denied,* 535 U.S. 940 (2002) (counsel cannot be ineffective for failure to raise issue that lacks merit).

Reviewing the state court's ruling in accordance with the guidance set forth by the U.S. Supreme Court in *Richter*, the court finds that Hoston has failed to demonstrate that the state court's ruling was contrary to *Strickland*. Hoston has failed to establish that the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court. The petition should not be granted on the basis of the fourth ground.

## VI.  CONCLUSION

The undersigned recommends that Hoston's four grounds for relief in his

petition be denied, for the reasons set forth above.


<u>s/ David A. Ruiz</u>
David A. Ruiz
United States Magistrate Judge


Date:  <u>April 25, 2018</u>

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the
Clerk of Courts within fourteen (14) days of mailing of this notice.  Failure to file
objections within the specified time WAIVES the right to appeal the Magistrate
Judge's recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also United
States v. Walter*s, 638 F.2d 947 (6th Cir. 1981).